14-2495-cr
*United States v. Gladden*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand fifteen.

Present:     ROBERT A. KATZMANN,
                             *Chief Judge*,
                     PETER W. HALL,
                     RAYMOND J. LOHIER, JR.,
                             *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                        *Appellee*,

                        v.                                              No. 14-2495-cr

EDWARD GARDNER, AKA Alex,

                        *Defendant*,

KENROY GLADDEN, AKA Kenroy Flowers,
AKA Michael Richardson,

                        *Defendant-Appellant*.

---

For Appellee:                    Jennifer E. Burns and Karl Metzner, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

1

For Defendant-Appellant:        Devin McLaughlin, Langrock Sperry & Wool, LLP, Middlebury, VT.

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Kenroy Gladden appeals from an amended judgment imposed on June 30, 2014 by the United States District Court for the Southern District of New York (Rakoff, *J.*), which sentenced him to concurrent terms of 144 months' imprisonment, on one count of conspiracy to distribute and possession with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 846 and one count of distribution and possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. §§ 812 and 841(a)(1). Gladden was also sentenced to an additional 60 months' imprisonment for possessing, carrying, and using a firearm during and in relation to a narcotics conspiracy in violation of 18 U.S.C. § 924(c)(1)(A)(i). This was the third time Gladden was sentenced by the district court for these crimes due to intervening decisions by this Court and the Supreme Court of the United States.

In this appeal, Gladden now challenges the procedural reasonability of his new sentence on four grounds. First, he argues that the district court failed to sentence him de novo as required by a prior decision of a panel in our Circuit. *See* J.A. 22. Second, he argues that the district court failed to fulfill its procedural obligations under the United States Sentencing Guidelines ("the Guidelines"). Third, he argues that, in determining his offense conduct level under the Guidelines, the district court erred in calculating the quantity of drugs attributable to him. Fourth, he argues that the existence of his prior felony conviction—which increased his offense level under the Guidelines—was a question of fact that should have been submitted to a jury. We

2

assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. For the reasons discussed below we **AFFIRM** the judgment of the district court.

A sentence is procedurally unreasonable if the district court committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Under this standard, we conclude that Gladden's challenges are all without merit. First, while Gladden is correct that the district court mentioned his previous, now-vacated 25-year sentence several times during his sentencing hearing, when these statements are considered in the context of the hearing as a whole, it is clear that the district court properly conducted a de novo review based on the procedural requirements of the Guidelines and our case law's interpretation of those Guidelines. Not only does the record demonstrate that the district court carefully considered all of Gladden's arguments in reaching a new sentence, but it also shows the way in which the district court credited those views when, for example, it adopted by written opinion a 1-to-1 crack-to-powder ratio when calculating the relevant drug amount, as opposed to the 18-to-1 ratio articulated in the Guidelines. *See United States v. Gardner*, 20 F. Supp. 3d 468, 473 (S.D.N.Y. 2014).

Second, while the district court certainly expressed its concerns with the propriety of the Guidelines regime, it nevertheless fulfilled its procedural duties under those Guidelines. The court calculated the Guidelines range and then expressly chose to sentence above that range based on its reasonable consideration of 18 U.S.C. § 3553(a) factors.[1]

---

[1] In its brief, the government concedes that a "failure to memorialize . . . a written Statement of Reasons warrants . . . a limited remand for the purpose of preparing that document and making it

Third, the district court had more than enough to conclude by a preponderance of the evidence that the total drug amount was at least 3.6 kilograms notwithstanding Gladden's continued protestations to the contrary. A district court's determination of drug quantity is a finding of fact subject to clear-error review. *See United States v. Jones*, 531 F.3d 163, 176 (2d Cir. 2008). No such error occurred here, where the district court credited the testimony of a cooperating witness as to the amount of narcotics exchanged per transaction and the number of transactions that took place.

Fourth, under *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998), the fact that the defendant was convicted of a prior offense is a sentencing factor that is determined by the judge by a preponderance of the evidence, not an element of the crime to be decided by the jury. Gladden concedes as much in his brief, but nevertheless raises the argument so as to preserve the issue for appeal to the United States Supreme Court. Appellant's Br. 23.

We have considered Gladden's remaining arguments and find that they lack merit. For the reasons given, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

part of the judgment." Appellee's Br. 19–20. While initially the parties believed that no such document was prepared and that a limited remand was therefore required, the government has now furnished to this Court a contemporaneous Statement of Reasons prepared on July 7, 2014. Accordingly, no such limited remand is necessary.